659 So.2d 1185 (1995)
Jack SATTER, Appellant,
v.
Nancy Bernard SATTER, Appellee.
No. 94-0542.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
Rehearing, Rehearing, Clarification and Certification Denied September 27, 1995.
Joel M. Weissman of Weissman & Manoff, P.A., West Palm Beach, for appellant.
Jeffrey D. Fisher, West Palm Beach, and Scott Trell, Miami, for appellee.
Rehearing, Rehearing En Banc, Clarification and Certification Denied September 27, 1995.
STEVENSON, Judge.
The two issues presented by the husband in this dissolution action are the trial court's award of prejudgment interest and the trial court's requirement that the husband's transfer of title of the Cape Cod residence to the wife be free and clear of any liens or encumbrances. We reverse the award of prejudgment interest and affirm the requirement that the Cape Cod residence be transferred free and clear of any liens or encumbrances.
The parties signed a prenuptial agreement which provided in paragraph 5(a) that
If the parties enter into a ceremonial marriage and the marriage is thereafter dissolved during the lifetime of the parties, then and in that event, Nancy shall be entitled to receive from Jack the sum of ONE MILLION DOLLARS... .
The husband filed this petition for dissolution and alleged that the wife had breached the prenuptial agreement and was entitled to nothing. In the ensuing litigation, the trial court awarded the wife $5,200 a month temporary support, which she received until entry of the final judgment which found the agreement enforceable. In light of the payments, and the fact that under the agreement the wife was not entitled to the $1,000,000 until the marriage was dissolved, we conclude that the trial court erred in awarding her prejudgment interest.
We affirm the other issue finding that the trial court's requirement that the husband transfer the Cape Cod home free and clear of any liens or encumbrances to be a proper construction of the parties' prenuptial agreement. See Singer v. Singer, 321 So.2d 103 (Fla. 4th DCA 1975).
*1186 On remand, we direct that the trial court's January 6, 1994 order granting in part and denying in part wife's post trial motions be amended in paragraph one to delete prejudgment interest.
REVERSED IN PART AND AFFIRMED IN PART.
DELL and KLEIN, JJ., concur.